## KEY VS. FIELDING.

1. COLLATERAL SECURITY: *Authority of holder.*

The assignee of a note held as collateral security for a debt due from the assignor, has no power to deal with it, except to accomplish the purpose for which he holds it. He cannot bind the assignor by a contract with the maker for forbearance.

2. CONSIDERATION:

His ability to perform such contract is dependant upon the will of the assignor, who may pay his debt and take back the collateral at any time, and, therefore, a promise of the maker to pay a larger interest, in consideration of such forbearance, is without consideration and not binding upon him.

3. *Holder of Collateral Security a Trustee.*

Such assignee is a trustee for his assignor, and all profit, benefit, or advantage, made by him, by his dealing with the note, belongs to the assignor, and not to himself, and must be applied to the satisfaction of the assignor's debt, and the excess, if any, paid to the assignor.

APPEAL from *White* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Coody & McRae,* for appellant.

*J. M. Moore, contra.*

HARRISON, J.:

This was an action by Henry R. Fielding against James T. Key, on a promissory note, made by the latter to William C. Petty, for $700, payable January 1st, 1873, drawing ten per cent. interest from maturity, and which was assigned to the plaintiff before maturity; and the complaint averred that, after the

note fell due, the defendant agreed with the plaintiff to pay him, in consideration of forbearance to sue on the note for three months from its maturity, interest thereon at the rate of three per cent. per month until paid, which agreement was endorsed on the note, and signed by the defendant, and that the plaintiff did forbear to sue for that time; and demanded with the principal, interest according to the tenor of said agreement.

The defendant in his answer alleged, that the note was assigned to the plaintiff, as collateral security for the debt that Petty owed him, and that since the arrangement, Petty had died, and his administrator had paid the plaintiff the debt, and taken back the note; and that the defendant had thereafter paid the same to the said administrator.

The case was tried by the court sitting as a jury, upon the following agreed statement of facts: Petty, before the note fell due, assigned it to the plaintiff as a collateral security for a debt of $850. After it became due, the defendent agreed with the plaintiff to pay interest on it, at the rate of three per cent. per month, from maturity until paid, in consideration, that he would forbear to sue for three months from the time of its maturity; which agreement was endorsed on the note, and was signed by the defendant; and that the plaintiff did forbear to sue for the time agreed on. That after the suit was commenced, (on the 10th day of January, 1874), the administrator of Petty, paid the plaintiff the debt for which the note had been assigned to him, as a collateral security, and it was delivered back to him, and the defendant then paid the administrator the note and took it up; and he afterwards tendered the plaintiff the costs in the suit, which the plaintiff refused to receive.

The court made the following declaration, which was excepted to by the defendant:

" The agreement between the plaintiff and the defendant, was upon a valid consideration ; and it is an independent contract, in no manner affected by the terms of the note, or the relation of the plaintiff to Petty—the payer thereof, or his administrator, and the plaintiff is entitled to recover interest on the principal of the note, at the rate specified in the said agreement, from the maturity of the note up to the time of the payment of the debt to the plaintiff by Petty's administrator, and at six per cent. thereafter ;" and thereupon found for the plaintiff $282.24.

The defendant moved for a new trial, on the grounds, that the declaration of the court was contrary to law, and its finding against the evidence.    The motion was overruled, and he appealed.

The note being assigned to the plaintiff merely as a collateral security, he had no power to deal with it, except in the accomplishment of the purpose for which he held it.    The relation between the assignor and himself being analogous to that of principal and agent, and as the assignor might at any time pay the debt for which it was held as security, the plaintiff could not bind him by a contract with the defendant for forbearance.    Inasmuch, therefore, as the plaintiff's ability to perform on his part, the agreement with the defendant, depended upon the will of the assignor, who was in no wise bound, whether he would sooner pay the debt or not, and he had no authority from him to make such agreement, the promise of the defendant to pay the increased interest, was without consideration, and not obligatory upon him.

Again, a trustee, and such was the plaintiff, can make no profit to himself, by dealing with the trust property, and the *cestui que trust*, is entitled to whatever benefit or advantage, he makes by speculating with it in his own name.    Perry on Trusts, secs. 128, 196, 428–432 ;  Hill on Trustees, 534.

The interest stipulated for, in the agreement between the plaintiff and the defendant, if the same had been collected before the plaintiff's debt on Petty was paid, must have been applied towards the satisfaction of that debt, and if the proceeds of the note including such interest were more than sufficient to pay the debt, the surplus would have belonged to Petty, or his estate, and not to the plaintiff. The fact that the debt was not paid with the note, could not, certainly, make any possible difference.

The court erred in its declaration of law, and its finding was clearly unsupported by the evidence, and the defendant's motion for a new trial ought to have been sustained.

The judgment is reversed, and the cause remanded, with instructions to grant the defendant a new trial, and to proceed according to law.